UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

JOHN MEGGS,

    Plaintiff,

v.

THORNTON ASSOCIATES PLAZA, LLC
D/B/A THORNTON PLAZA and GDLP
RESTAURANT GROUP LLC D/B/A
WINGSTOP #134,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues THORNTON ASSOCIATES PLAZA, LLC D/B/A THORNTON PLAZA and GDLP RESTAURANT GROUP LLC D/B/A WINGSTOP #134 (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12131, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 C.F.R. Part 35, incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12131, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12131, et seq.

4.  Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between California, Colorado and Florida, and is otherwise *sui juris*. Plaintiff, JOHN MEGGS, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.  At all times material, Defendant, THORNTON ASSOCIATES PLAZA, LLC, owned and operated a commercial shopping center located at 3904 E 120th Ave Thornton, Colorado 30233 (hereinafter the "Commercial Property").

6.  At all times material, Defendant, THORNTON ASSOCIATES PLAZA, LLC, was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Englewood, Colorado. Defendant, THORNTON ASSOCIATES PLAZA, LLC, holds itself out to the public as "Thornton Plaza."

7.  At all times material, Defendant, GDLP RESTAURANT GROUP LLC, owned and operated a commercial restaurant located at 3732 E 120th Ave Thornton, Colorado 80233[1] (hereinafter the "Commercial Property").

8.  At all times material, Defendant, GDLP RESTAURANT GROUP LLC, was and is a Foreign Limited Liability Company, organized under the laws of the state of California, with its principal place of business in Costa Mesa, Colorado. Defendant, GDLP RESTAURANT GROUP LLC, holds itself out to the public as "Wingstop #134."

9.  Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Thornton, Colorado, Defendants regularly conduct business

---

[1] This address is located within Defendants', THORNTON ASSOCIATES PLAZA, LLC, commercial shopping center.

within Thornton, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Thornton, Colorado.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title II of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the restaurant business therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.  Plaintiff requires the use of a wheelchair to ambulate.

14. Defendant, THORNTON ASSOCIATES PLAZA, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, located in Thornton, Colorado, that is the subject of this Action.

15. Defendant, GDLP RESTAURANT GROUP LLC, owns, operates and/or oversees the restaurant business within the Commercial Property, located in Thornton, Colorado, that is the subject of this Action.

16. The subject Commercial Property is open to the public and is located in Thornton,

Colorado.  The individual Plaintiff visits the Commercial Property, as a patron/customer, to include a visit to the property on or about April 12, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

17. Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has frequented the Defendant's Commercial Property and named business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

18. The Plaintiff, JOHN MEGGS, found the Commercial Property to be rife with ADA violations. The Plaintiff, JOHN MEGGS, encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

19. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

20. Defendants, THORNTON ASSOCIATES PLAZA, LLC and GDLP RESTAURANT GROUP LLC, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are also a public entity as defined by 28 CFR Part 35. Defendants are responsible for

complying with the obligations of the ADA. The place of public accommodation that Defendants, THORNTON ASSOCIATES PLAZA, LLC and GDLP RESTAURANT GROUP LLC, own and/or operate is the Commercial Property located at 3904 E 120th Ave Thornton, Colorado 30233 and the restaurant business within.

21. Plaintiff, JOHN MEGGS, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the named business therein, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

22. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 <u>et</u> <u>seq</u>.

**<u>COUNT I - ADA VIOLATIONS</u>**
**<u>AS TO THORNTON ASSOCIATES PLAZA, LLC</u>**

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, THORNTON ASSOCIATES PLAZA, LLC, has discriminated

5

against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 5.3% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

ii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, as required by the ADAAG and ADAS Section 502, preventing Plaintiff from safely accessing the Commercial Property without rest or assistance.

iii. Plaintiff was unable to find any signs posted at a required height of <60" AFF, in violation of the ADAAG Section 4.6 and ADAS Section 502.

B. Entrance Access and Path of Travel

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Thornton Plaza, which violates the requirements in Sections 4.1.2 and 4.3 of the

        ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Thornton Plaza have 4.2% cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes at Thornton Plaza have 3.9% cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible routes at Thornton Plaza have 2.9% cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Accessible routes (between establishments) at Thornton Plaza have 6.4% cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

vi. Accessible routes (parking area) at Thornton Plaza have 5% cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

vii. Accessible routes (parking area) at Thornton Plaza have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

viii. Accessible routes (parking area) at Thornton Plaza have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ix. Curb ramps (parking spaces) at Thornton Plaza lack compliant landings at top and

   bottom of each run (30" rise max) endangering Plaintiff and violating the ADAAG and ADAS Section 405.

x. Curb ramps (parking area) at Thornton Plaza contain excessive slopes of 15.4% (>8.33 %) preventing Plaintiff from safe unloading violating ADAAG and ADAS Section 406.

xi. Curb ramps (parking area) at Thornton Plaza contain excessive slopes of 12.7% (>8.33 %) preventing Plaintiff from safe unloading violating ADAAG and ADAS Section 406.

xii. Doors (Ranch Liquor Store) in Thornton Plaza have inadequate maneuvering clearance of 4.2% (see chart) preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

xiii. Doors (Heaven Dragon Restaurant) in Thornton Plaza have inadequate maneuvering clearance of 3.4% preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

xiv. Doors (Wingstop) in Thornton Plaza have inadequate maneuvering clearance of 3.9% (see chart) preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

### COUNT II - ADA VIOLATIONS AS TO THORNTON ASSOCIATES PLAZA, LLC and GDLP RESTAURANT GROUP LLC

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

27. Defendants, THORNTON ASSOCIATES PLAZA, LLC and GDLP RESTAURANT GROUP LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the

Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

28. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that the Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. The table knee and toe space is 0", which is required to be high (27" min) and deep (17" min), preventing use by Plaintiff.

ii. Self-service condiment items are > 48" AFF, (48" max), inaccessible to Plaintiff, violating 2010 ADAS Section 308.

B. <u>Restrooms</u>

i. Plaintiff cannot safely transfer to water closet at Thornton Plaza due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

ii. Grab bars > 36" AFF do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

iii. Plaintiff cannot access improperly mounted dispenser at Thornton Plaza is below grab bar, does not comply with section 609.3 of 2010 ADAS.

iv. Toilet flush valve not mounted on wide side, denying access to Plaintiff, violating the ADAAG and 2010 ADAS Sec. 604.

**RELIEF SOUGHT AND THE BASIS**

29. The discriminatory violations described in this complaint are not an exclusive list

of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

30. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

31. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33. While Defendant, THORNTON ASSOCIATES PLAZA, LLC, as landlord and owner of the Commercial Property, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

34. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation,

the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the Commercial Property located in Thornton, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual

12

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: September 30, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, Colorado 80202
Telephone: (720) 996-3500
Facsimile: (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:  /s/ Anthony J. Perez
　　　ANTHONY J. PEREZ
　　　BEVERLY VIRUES